FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 22 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X
:
JANICE A. CRIPPEN, :
:
        Plaintiff, : ORDER
: 07-CV-03478 (JFB) (ARL)
        – against – :
:
TOWN OF HEMPSTEAD, CARMINE SALUTE, :
ANTHONY M. DISABATO, AMD & ASSOC., :
INC., CARLOS JARAMILLO, MATCO :
REMODELING INC., and MATTHEW SCHWAN,:
:
        Defendants. :
:
----------------------------------X

JOSEPH F. BIANCO, District Judge:

By Order dated March 29, 2013, the Court granted all of the defendants' motions for summary judgment and dismissed plaintiff's action. (ECF No. 304.) On April 12, 2013, plaintiff filed a motion for reconsideration. (ECF No. 306.) Specifically, plaintiff argued that the Court overlooked plaintiff's request to amend its complaint to add a procedural due process claim. The Court construes plaintiff's motion for reconsideration as a motion for leave to amend, and denies that motion for the reasons set forth below.

On February 25, 2013, after over five years of litigation, plaintiff informed the Court that she "possibly" may request "limited leave to amend the complaint" and respectfully suggested that any pre-motion conference be held during the oral argument on the motions for summary judgment. (ECF No. 289.) Plaintiff did not inform the Court of the specific claim it wished to add until oral argument. This was hardly plaintiff's first attempt at amending her complaint;

plaintiff has amended her complaint on three separate occasions. On March 31, 2011, the Court denied plaintiff's motion for leave to amend her complaint for a fourth time. (ECF No. 213.)

Generally, Federal Rule of Civil Procedure 15(a) ("Rule 15") applies to motions to amend the pleadings. Under Rule 15(a), leave to amend "shall be freely granted when justice so requires." Motions for leave to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 125 (2d Cir. 2008) (per curiam) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."). An amendment is considered futile if, for example, it could not defeat a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction. *See Chan v. Reno*, 916 F. Supp. 1289, 1302 (S.D.N.Y.1996) (citing *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979)). Thus, "whether considered in the context of a motion to dismiss or opposition to a motion for leave to amend, the viability of a claim is evaluated by the same legal standard." *K.R. ex rel. Perez v. Silverman*, No. 08-cv-2192, 2009 WL 2959580, at *3 (E.D.N.Y. Aug. 13, 2009).

Plaintiff now seeks to amend her complaint to add a procedural due process claim, alleging that the Town of Hempstead had a pervasive custom of non-enforcement of its plumbing code. Not only was there undue delay in requesting leave to amend and prejudice to defendants because of that delay, but any such amendment must be rejected because adding a procedural due process claim in this case would be futile.

Plaintiff correctly cites the relevant case law on procedural due process. "When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a)

claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees. In the latter case, the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy. When the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, ipso facto, satisfy due process." *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996) (internal citations omitted).

Plaintiff attempts to argue that a procedural due process claim has been alleged in this case because failure to follow the code was a custom based on established Town procedures. However, as repeatedly emphasized in this Court's opinion granting defendants' motions for summary judgment, plaintiff has not introduced any evidence during the more than five years of litigation that there was any established Town procedure, or any custom and practice, to not enforce the plumbing code. Therefore, in connection with any alleged random act by a Town employee, the Second Circuit has directly held that "an Article 78 proceeding is a perfectly adequate postdeprivation remedy . . . ." *Id.* at 881 (collecting cases). Accordingly, plaintiff cannot plausibly allege a procedural due process claim because plaintiff could have availed herself of an Article 78 proceeding in the New York State courts to seek redress for any possible deprivation of her rights.

For the foregoing reasons, the Court concludes that any procedural due process claim is futile. Therefore, plaintiff's motion for leave to amend is denied.[1]

SO ORDERED

s/ Joseph F. Bianco
_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2013
Central Islip, NY

---

[1] If the Court were to construe plaintiff's motion as a motion for reconsideration as she entitled it, such a motion would also be denied under the strict standard of either Rule 59(e) of the Federal Rules of Civil Procedure or Local Rule 6.3. "A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced . . . ." *Learning Annex Holdings, LLC v. Rich Global, LLC*, 860 F. Supp. 2d 237, 241-42 (S.D.N.Y. 2012). Because plaintiff did not even inform the Court that she wished to add a procedural due process claim until oral argument on the motions for summary judgment, a motion for reconsideration is an improper forum to raise this new argument. Even if plaintiff had attempted to add this claim at an earlier date, plaintiff now does not point to any applicable facts or controlling law to demonstrate that such a claim can proceed.